FILED

2009 Jun-26  PM 01:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **CHARLES SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 5:07-cv-0491-CLS-JEO** |
| | ) |
| **BILLY MITCHEM, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This is an action brought pursuant to 42 U.S.C. § 1983 by Charles Smith, a pro se prisoner, who claims that the defendants are liable for refusing or failing to provide him with appropriate and necessary medical care, in violation of the Eighth Amendment.  It was originally filed on March 16, 2007 (Doc.[1] 1), and it is now governed by an amended complaint filed March 28, 2008.  (Doc. 11). Pursuant to the court's order (*see* Doc. 13), the defendants filed a special report (Doc. 17), which the court advised on April 9, 2009, that it would treat as a motion for summary judgment. (Doc. 26).  Before the court ruled thereupon, the plaintiff filed a motion on April 14, 2009, asking that the court dismiss the action, without specifying, however, whether such dismissal was to be with or without prejudice.  (Doc. 28).

---

[1]References to "Doc. ___" are to the document number assigned to filings by the clerk of this court.

At this stage of the proceedings, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Rule 41(a)(2), FED. R. CIV. P. Given the posture of the case and the substantial investment in time and expense undertaken by the defendants, the court issued an order on May 4, 2009, advising of the court's intention to dismiss the action with prejudice, affording the plaintiff ten days to object and stating that his failure to respond would result in an order dismissing the action with prejudice. (Doc. 29). The plaintiff has failed to object or otherwise respond. Accordingly, this action is due to be dismissed with prejudice. A separate order will be entered.

The Clerk is **DIRECTED** to serve upon the plaintiff a copy of this memorandum opinion and the accompanying final order of dismissal.

DONE this 26th day of June, 2009.

_____
United States District Judge

**United States Court of Appeals**
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Thomas K. Kahn                                                                    In Replying Give Number
   Clerk                                                                    Of Case and Names of Parties

### NOTICE TO PRISONERS CONCERNING CIVIL APPEALS

—————————————

     The Prison Litigation Reform Act of 1995 (effective April 26, 1996) now **REQUIRES** that all prisoners pay the Court's $450 docket fee plus $5 filing fee (for a total of $455) when appealing any civil judgment.

     If you wish to appeal in a civil case that Act now **requires** that upon filing a notice of appeal you *either*:

(1)     Pay the total $455 fee to the clerk of the district court from which this case arose; *or*

(2)     arrange to have a prison official certify to the district court from which the appeal arose the average monthly deposits and balances in your prison account for each of the six months preceding the filing of a notice of appeal.

     If you proceed with option (2) above, the Act requires that the district court order you to pay an *initial partial fee* of at least 20% of the **greater** of either the average monthly deposits or of the average monthly balances shown in your prison account.  The remainder of the total $455 fee will thereafter be deducted from your prison account each month that your account balance exceeds $10. Each such monthly deduction shall equal 20% of all deposits to your prison account during the previous month, until the total $455 fee is paid. (If your prison account statement shows that you cannot pay even the required *initial partial fee*, your appeal may nevertheless proceed, BUT THE TOTAL $455 FEE WILL BE ASSESSED AGAINST AND WILL BE DEDUCTED FROM FUTURE DEPOSITS TO YOUR PRISON ACCOUNT.)

     Fees are not refundable, regardless of outcome, and deductions from your prison account will continue until the total $455 fee is collected, even if an appeal is unsuccessful.

THOMAS K. KAHN
Clerk